{¶ 38} I respectfully dissent on the second assignment of error. This is a simple breach of implied contract case that should go to a jury.
 {¶ 39} In characterizing statements between Stickler and Emmons as "statements promising advancement opportunities," the majority has accepted one side of a genuine issue of material fact. According to Stickler, Emmons never described the position he offered Stickler as merely an "opportunity." There is a difference between the opportunity that Pussel offered and the actual promotion that Emmons offered.
 {¶ 40} Moreover, the majority goes on to confuse what is necessary for detrimental reliance with actual contract performance. Stickler and Emmons, representing KeyCorp, had a contract with a condition precedent. Emmons told Stickler that Emmons would run Newport and KeyCorp's agency business on the condition that KeyCorp acquired Newport and Stickler helped with this acquisition. Stickler performed on this contract when he helped KeyCorp acquire Newport. When KeyCorp finalized this acquisition, the condition was satisfied. Stickler's performance was sufficient consideration for his part of the contract.
 {¶ 41} There was additional consideration in his withdrawing his name for another position he could well have received. It was at Emmons' insistence that Stickler withdraw his name for Pussel's job. While this withdrawal might not suffice for detrimental reliance, it does operate as additional consideration under this contract.
 {¶ 42} The circumstances surrounding this offer of a promotion are significant in determining the Emmons' commitment. Emmons admitted to Stickler that many positions would be duplicated by the acquisition and workers would be eliminated. The strength of Emmons' subsequent commitment to Stickler must be determined in that context. The parties were quite clear what was at stake. Stickler turned down the strong possibility of another job for the one that Emmons expressly offered. In fact, Emmons himself told Pussell that Stickler had agreed to withdraw his application. All these details are part of the circumstances that must be examined to determine whether an implied contract existed. Wrightv. Honda of America MFG., 73 Ohio St.3d 571. There is sufficient evidence to support the claim that Emmons altered Stickler's at-will employment contract.
 {¶ 43} The issue is not a question of the permanency or the duration of the employment, as the majority says. This implied contract operated at least for the first day of this new position. His promotion was definite, although it was contingent upon the acquisition and the performance of Stickler. Thus discussion of permanency is a red herring here. Nor is this a case of subjective interpretation of praise or "corporate cheerleading." What Emmons offered, if Stickler's account is believed, was objective and specific enough to establish mutual assent. There is enough evidence to challenge any claim that Stickler did not understand the agreement with Emmons.
 {¶ 44} If KeyCorp or Emmons denies any of the events or statements as Stickler describes them, then the case is not an appropriate matter for summary judgment and should go to a jury. The facts as Emmons presents them, however, suffice to preclude granting summary judgment on whether there was an implied contract and KeyCorp breached that contract.